UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| DEAN ALLEN COCHRUN;<br>JAMIE LYNN COCHRUN;<br>G.D.C; and<br>T.M.C.<br><br>  Petitioners,<br><br>  vs.<br><br>ROBIN CHIPOWSKY;<br>ANDREW CHIPOWSKY; and<br>VARIOUS STATE AGENTS and<br>AGENCIES,<br><br>  Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civ. 13-4092-KES<br><br><br><br><br><br>ORDER DISMISSING COMPLAINT |

Petitioner, Dean Allen Cochrun, an inmate at the South Dakota State Penitentiary, filed a pro se document styled as a "Writ of Habeas Corpus." Docket 1. In the petition, Cochrun alleges that he and Jamie Lynn Cochrun were falsely imprisoned as part of a conspiracy between his in-laws and state and federal agents to kidnap his children, TC and GC. Cochrun asks that he and Jamie Lynn Cochrun be released from custody, awarded ten million dollars in damages, and given a jury trial. Cochrun further requests that his children be returned to his custody. The court referred Cochrun's case to Magistrate Judge John E. Simko who recommended that the court reclassify the complaint as a civil rights action pursuant to 42 U.S.C. §1983. Magistrate Judge Simko further recommended that the court dismiss Cochrun's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) for failure

to state a claim upon which relief may be granted. Lastly, Magistrate Judge Simko recommended that all other pending motions be denied as moot. Cochrun objects to Magistrate Judge Simko's findings. For reasons set forth herein, the court adopts the magistrate judge's report and recommendation.

## DISCUSSION

The court must make a de novo review of all objections that are timely made and specific. *See Thompson v. Nix*, 897 F.2d 356 (8th Cir. 1990). Here, Cochrun has specifically objected to reclassification of his complaint as a § 1983 action and to the subsequent dismissal of his complaint. Cochrun contends that he filed a joint petition for Writ of Habeas Corpus and a § 1983 civil rights action.

While the court appreciates Cochrun's concern for convenience, Rule 2(d) of the Rules Pertaining to Section 2254 Cases requires a petitioner to file a petition in substantially the same form as appended to the rules or as prescribed by a local district court rule. The prescribed forms do not allow Cochrun to file both a Writ of Habeas Corpus and a § 1983 civil rights action in the same document.

In the alternative, if the court were to construe Cochrun's complaint as a habeas petition in part, the court agrees with Magistrate Judge Simko that Cochrun's pleading is procedurally flawed in three ways. First, Cochrun fails to name his custodian, the warden of South Dakota State Penitentiary, as a

Respondent. Rule 2 of Rules Pertaining to Section 2254; *see also Piercy v. Parratt,* 579 F.2d 470, 472 (8th Cir. 1978). Second, the pleading does not provide information to satisfy Cochrun's burden of showing that all state habeas remedies have been exhausted. 28 U.S.C. § 2254(b)(1)(A); *see also Carmichael v. White,* 163 F.3d 1044, 1045 (8th Cir. 1998). Third, the Supreme Court has found that "[i]f a state prisoner is seeking damages, he is attacking something other than the fact or length of his confinement, and he is seeking something other than immediate or more speedy release–the traditional purpose of habeas corpus. In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy." *Preiser v. Rodriguez,* 411 U.S. 475, 494 (1973). Therefore, because Cochrun is seeking ten million dollars in damages, a § 1983 remedy is the appropriate action.

With regard to Cochrun's § 1983 action, the court similarly rejects Cochrun's objection claiming that his complaint was sufficiently specific. Pursuant to 28 U.S.C. § 1915A, the court must identify clear and specific claims or must dismiss the complaint if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. The court may dismiss a complaint for failure to state a claim when the plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. V. Twombly,* 550 U.S. 544, 570 (2007). In reviewing a complaint for failure to state a claim, "[t]he court must presume that the factual allegation in the complaint

are true and accord all reasonable inferences from those facts to the [pleader]." *Valiant-Bey v. Morris*, 829 F.2d 1441, 1443 (8th Cir. 1987) (citing *Holloway v. Lockhart*, 792 F.2d 760, 762 (8th Cir. 1986)). Although a pro se complaint need not contain detailed factual allegations, it must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Simply stated, a pro se complaint must "allege facts sufficient to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

More specifically, to state a § 1983 claim against a private actor for conspiracy, the petitioner must "establish not only that a private actor caused a deprivation of constitutional rights, but that the private actor willfully participated with state officials and reached a mutual understanding concerning the unlawful objective of conspiracy." *Crawford v. Van Buren Cnty.*, 678 F.3d 666, 670 (8th Cir. 2012).

Here, Cochrun's allegations that the Chipowskys conspired with government agents to kidnap his children and terminate his parental rights are conclusory and do not include specific facts showing that the conspirators had a meeting of the minds to kidnap his children and terminate his parental rights. Cochrun attributes his lack of information about the conspiracy to a large cover-up, but he fails to show sufficient facts to substantiate his claim. Because the court is not required to "supply additional facts, nor will [it]

4

construct a legal theory that assumes facts that have not been pleaded," the court finds that dismissal is appropriate. *Id.* (Citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)).

Lastly, Cochrun objects to Magistrate Judge Simko's finding that Cochrun has at least two prior "strikes" for failure to state a claim. Cochrun, however, has no legal basis for his objection. *See* Civ. No. 12-6068 and Civ. No. 11-5097. This court finds that the instant action amounts to the third strike against Cochrun. Accordingly, in the future, Cochrun may not "bring a civil action or appeal a judgment in a civil action or proceeding under [forma pauperis]. . . unless he can show he is under imminent danger of serious physical harm." 28 U.S.C. § 1915(g). It is therefore

ORDERED that Magistrate Judge Simko's report and recommendation (Docket 15) is adopted. The court rejects Cochrun's objections to Magistrate Judge Simko's report and recommendation (Docket 16) and dismisses without prejudice Cochrun's action (Docket 1) for failure to state a claim upon which relief may be granted.

IT IS FURTHER ORDERED that the petitioner's motion for appointment of counsel (Docket 6) is denied as moot.

IT IS FURTHER ORDERED that the petitioner's motion for appointment of a guardian ad litem (Docket 7) is denied as moot.

IT IS FURTHER ORDERED that the petitioner's motion for "Trinity Rule" (Docket 12) is denied as moot.

Dated June 2, 2014.

BY THE COURT:


/s/ *Karen E. Schreier*

KAREN E. SCHREIER

UNITED STATES DISTRICT JUDGE