UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| DEAN ALLEN COCHRUN;<br>JAMIE LYNN COCHRUN;<br>G.D.C; and<br>T.M.C. | )<br>)<br>)<br>)<br>) | Civ. 13-4092-KES |
| Petitioners, | )<br>) | |
| vs. | )<br>) | AMENDED ORDER GRANTING<br>MOTION TO PROCEED IN FORMA<br>PAUPERIS ON APPEAL |
| ROBIN CHIPOWSKY;<br>ANDREW CHIPOWSKY; and<br>VARIOUS STATE AGENTS and<br>AGENCIES, | )<br>)<br>)<br>)<br>) | |
| Respondents. | ) | |

Plaintiff, Dean Allen Cochrun, is an inmate at the South Dakota State Penitentiary (SDSP) in Sioux Falls, South Dakota. On June 2, 2014, the court adopted Magistrate Judge John E. Simko's report and recommendation, thereby dismissing Cochrun's complaint for failure to state a claim upon which relief may be granted. Docket 19. Cochrun appeals the dismissal (Docket 20) and moves to proceed in forma pauperis on appeal (Docket 21).

Under the Prison Litigation Reform Act (PLRA), a prisoner who "files an appeal in forma pauperis . . . [is] required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). This obligation arises " 'the moment the prisoner . . . files an appeal.' " *Henderson v. Norris*, 129 F.3d 481, 483 (8th Cir. 1997) (quoting *In re Tyler*, 110 F.3d 528, 529–30 (8th Cir. 1997)). Therefore,

" '[w]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceedings or over a period of time under an installment plan.' " *Id.* (quoting *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997)). "[P]risoners who appeal judgments in civil cases must sooner or later pay the appellate filing fees in full." *Id.* (citing *Newlin v. Helman*, 123 F.3d 429, 432 (7th Cir. 1997)).

In *Henderson*, the Eighth Circuit set forth "the procedure to be used to assess, calculate, and collect" appellate filing fees in compliance with the PLRA. 129 F.3d at 483. First, the court must determine whether the appeal is taken in good faith. *Id.* at 485 (citing 28 U.S.C. § 1915(a)(3)). Then, so long as the prisoner has provided the court with a certified copy of his prisoner trust account, the court must "calculate the initial appellate partial filing fee as provided by § 1915(b)(1), or determine that the provisions of § 1915(b)(4) apply." *Id.* The initial partial filing fee must be 20 percent of the greater of:

(A)  the average monthly deposits to the prisoner's account; or
(B)  the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

28 U.S.C. § 1915(b)(1). Nonetheless, no prisoner will be "prohibited from . . . appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee." 28 U.S.C. § 1915(b)(4).

2

It appears that Cochrun's appeal is taken in good faith. Further, he has provided the court with a report of his prisoner trust account, which indicates that Cochrun has average monthly deposits to his prisoner trust account of $0.58 and an average monthly balance of *negative* $178.88. Docket 22. Based on this information, the court finds that § 1915(b)(1) applies. Cochrun may proceed in forma pauperis on appeal provided he pays an initial partial appellate filing fee of $0.11, which is 20 percent of $0.58.[1] Accordingly, it is

ORDERED that Cochrun may proceed in forma pauperis on appeal. Cochrun will make an initial partial appellate payment of $0.11 by **August 8, 2014**, made payable to the Clerk, U.S. District Court.

IT IS FURTHER ORDERED that the institution having custody of the plaintiff is directed that whenever the amount in plaintiff's trust account, exclusive of funds available to plaintiff in his frozen account, exceeds $10, monthly payments that equal 20 percent of the funds credited to the account the preceding month shall be forwarded to the United States District Court

---

[1] The court notes that the dismissal of Cochrun's complaint herein represented the third occasion in which Cochrun received permission to proceed in forma pauperis and subsequently received a dismissal pursuant to the screening procedures of 28 U.S.C. § 1915. Accordingly, in the order dismissing this case, the court notified Cochrun that he could no longer " 'bring a civil action or appeal a judgment in a civil action or proceeding under [forma pauperis] . . . unless he [could] show he is under imminent danger of serious physical harm.' " Docket 19 at 5 (quoting 28 U.S.C. § 1915(g)). A dismissal, however, does not ripen into a "strike" until the appeal of such dismissal is exhausted or waived. *Campbell v. Davenport Police Dep't*, 471 F.3d 952, 953 (8th Cir. 2006). Consequently, Cochrun is able to proceed in forma pauperis on this appeal despite his failure to demonstrate that he is under imminent danger of serious physical harm.

Clerk's office pursuant to 28 U.S.C. § 1915(b)(2), until the appellate filing fee of $505 is paid in full.

Dated July 18, 2014.

BY THE COURT:


/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE

4